

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

> Respondent's letter-motion seeking to seal the transcripts and the state court record to maintain the privacy of the victim (ECF No. 15) is GRANTED. The documents at ECF No. 19 shall remain visible only to the selected parties.
>
> The Clerk of Court is respectfully directed to close ECF No. 15.
>
> SO ORDERED 07/18/22
>
> SARAH L. CAVE
> United States Magistrate Judge

**BY ECF**
Hon. Sarah L. Cave
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:  *Benjamin Dray v. Brandon Smith,*
          22-CV-00425 (VSB) (SLC)

Your Honor:

    I write this letter to request permission to file under seal the transcripts and the state court record in the above-referenced habeas corpus matter. Respondent is not seeking to seal the memorandum of law in response to the petitioner, or the published decisions of New York County Supreme Court, the Appellate Division, and the New York Court of Appeals.

    Petitioner is incarcerated pursuant to a February 12, 2019 judgment of the New York County Supreme Court, convicting him, upon a jury trial, of one count of first-degree sexual abuse, P.L. § 130.65(2), and sentencing him to a five-year term of imprisonment to be followed by five years of post-release supervision. Petitioner's crime involved the sexual assault of an 18-year-old German student who was temporarily leaving in New York while she completed an internship.

    Pursuant to 28 U.S.C. § 2254, petitioner seeks a writ of habeas corpus, raising various claims related to his conviction. Respondent has been ordered by this Court to answer the petition and file all relevant records related to petitioner's conviction. The documents are subject to N.Y. Civil Rights Law § 50-b(1), which states that the "identity of any victim of a sex offense . . . shall be

confidential," and as such, "[n]o report, paper, picture, photograph, court file, or other documents, in the custody or possession of any public officer or employee, which identifies such a victim shall be made available for public inspection." The unpublished documents that comprise the state court record in this case are not available for public inspection in state court. Furthermore, a public officer's wrongful disclosure of such confidential records can expose the officer to civil liability. *See* New York Civil Rights Law § 50-c.

In light of respondent's obligation to maintain the privacy of the victim, respondent requests that this Court grant an order sealing the transcript and the state court record. Respondent, however, intends to file on the public docket the memorandum of law in response to the petition, and the published decisions of the New York County Supreme Court, Appellate Division and the New York Court of Appeals.

While there is a presumption of public access to Court documents, the presumption may be overcome by a substantial showing that countervailing interests require access restrictions. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The weight of the rebuttable presumption depends on "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* at 119. Here, the presumption of public access to the state court record and transcripts is outweighed by compelling victim-protection and comity interests in restricted access.

First, there is the important policy interest in protecting sex crime victims. New York recognizes this interest through, *inter alia*, the protections afforded by Civil Rights Law § 50-b. However, the Constitution also recognizes that interest. The Second Circuit has explained that a sex abuse victim's status as such is "highly personal" information protected by Constitutional privacy interests. *See Sealed Plaintiff #1 v. Farber*, 212 F. App'x 42, 43 (2d Cir. 2007) (citations omitted). District courts in this Circuit have found that "details of a sexual assault" are one of the "very limited circumstances" warranting constitutional privacy protections. *Doe v. Putnam County*, 344 F. Supp. 3d 518, 540-41 (S.D.N.Y. 2018) (citing cases).

Second, the interest in federal-state comity that pervades habeas review — *see, e.g.*, *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (comity underlies the adequate state ground and exhaustion doctrines) (citing *McCleskey v. Zant*, 499 U.S. 467, 493 (1991)); *Davis v. Ayala*, 135 S. Ct. 2187, 2197 (2015) (comity requires a lower standard for harmless error); *Skinner v. Switzer*, 562 U.S. 521, 541–42 (2011) (comity underlies exhaustion requirement and deference accorded to state court determinations); *Murray v. Carrier*, 477 U.S. 478, 518 (1986) (procedural default doctrine is based on comity) — calls for accommodation of New

York law protecting the confidentiality of sex crimes victims. This is particularly so where, as here, the confidentiality laws in question pose no impediment to the full and fair adjudication of the petitioner's habeas claims.

Moreover, filing a redacted record may not comply with New York's process for disclosing confidential records. New York Civil Rights Law § 50-b(2) sets forth a disclosure process that does not contemplate disclosing redacted documents. In an open records case, the New York Court of Appeals held that state officers cannot comply with requests for confidential documents by disclosing redacted versions of those records, even if the redactions excised all protected information. *See Matter of N.Y. Civ. Liberties Union v. N.Y.C. Police Dep't*, 32 N.Y.3d 556, 566-70 (2018). The court explained that disclosure of redacted documents is impermissible since it departs from the only process for disclosure set forth in the Civil Rights Law. *See id*. In any event, it is not practicable to redact identifying information from the transcripts and state court filings, which exceeds 1,000 pages and identifies the victim throughout.

Accordingly, respondent requests permission to file under seal the transcript and the state court record, except for the published decisions of the New York County Supreme Court, the Appellate Division, and the New York Court of Appeals. In accordance with this court's rules, I am separately filing under seal via ECF the proposed sealed records, and they will be electronically related to the instant sealing motion. The "Viewing Level" of the proposed sealed records will be "Selected Parties" such that petitioner and respondent will be able to access them.

I have contacted counsel for petitioner, Mark Baker, about the sealing motion, and he has informed me that he does not object.

    Respectfully submitted,

    /s/ Jalina J. Hudson
    Jalina J. Hudson
    Assistant Attorney General
    28 Liberty St., 14th Floor
    New York, NY 10005
    Jalina.Hudson@ag.ny.gov
    (212) 416-8802

cc (by ECF): Mark Baker
              Counsel for Petitioner